UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN R. GLYNN,

        Plaintiff,

-vs-                                      Case No. 2:09-cv-585-FtM-99SPC

BASIL STREET PARTNERS, LLC, a Delaware limited liability company, ANTARAMIAN DEVELOPMENT GROUP LLC, a Florida limited liability company, JACK J. ANTARAMIAN,

        Defendants.
_____

## **ORDER**

     This matter comes before the Court on the Defendants, Basil Street Partners, LLC. Antaramian Development Group, LLC., and Jack Antaramian's Motion for Stay of Discovery Pending Ruling on Motion to Dismiss (Doc. #33) filed on June 4, 2010. The Plaintiff filed his Response in Opposition (Doc. # 34) on June 11, 2010. The Motion is now ripe for review.

     While motions to stay discovery may be granted pursuant to Rule 26(c), Fed.R.Civ.P., the moving party bears the burden of showing good cause and reasonableness. McCabe v. Foley, 233 F.R.D. 683, 685 (M.D.Fla. 2006) (citing Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla.1997). A request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case. McCabe, 233 F.R.D. at 685. In this regard, the Court must take a "preliminary peek" at the merits of a dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." Feldman, 176 F.R.D. at 652-653.

"In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. McCabe, 233 F.R.D. at 685 (citing Feldman,176 F.R.D. at 652). "This involves weighing the likely costs and burdens of proceeding with discovery." Id.

On December 14, 2009, the Defendant filed a Motion to Dismiss (Doc. # 24) arguing that the Complaint fails to state a cause of action because Counts I, II, and III are barred by the applicable statue of limitations. The Defendant also argues that Count III fails to state a claim because it fails to include all essential allegations necessary to establish a right to relief. The Defendants now move the Court to stay all discovery pending a ruling on the Motion to Dismiss arguing that staying the case would eliminate the unnecessary expense of discovery practice should the Motion to Dismiss be granted. The Plaintiff argues it has already served the Defendant with some discovery and believes, at the very least, those discovery requests should be satisfied prior to the Court staying the case.

The Court has reviewed the Motion to Dismiss and the Motion to Stay discovery and concludes that the Defendant has raised meritorious challenges to the Complaint. Whether the Complaint can withstand the challenges is a matter for the consideration of the District Court. However, upon consideration of the facts of this case, it appears the Defendants have met their burden and have shown good cause for entry of an order staying discovery for at least a period of sixty (60) days. The Parties may petition the Court for further relief at the end of that time frame if the Motion to Dismiss is still pending.

Accordingly, it is now

**ORDERED:**

The Defendants, Basil Street Partners, LLC. Antaramian Development Group, LLC., and Jack Antaramian's Motion for Stay of Discovery Pending Ruling on Motion to Dismiss (Doc. #33) is **GRANTED** to the extent that discovery is **STAYED** up to and including **August 16, 2010**, unless the District Court rules upon the Motion to Dismiss at an earlier date.

**DONE AND ORDERED** at Fort Myers, Florida, this ___16th___ day of June, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record