UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

BRIAN R. GLYNN,

      Plaintiff,

v.                                                CASE NO. 2:09-CV-585-FtM-36SPC

BASIL STREET PARTNERS, LLC,
a Delaware limited liability company,

      Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court on the Motion for Award of Attorneys' Fees and Costs, filed by Defendants Jack Antaramian ("Antaramian") and Antaramian Development Group ("ADG") on November 24, 2010 (Dkt. 77). Plaintiff filed a response in opposition on December 2, 2010 (Dkt. 80). For the reasons that follow, the motion will be denied, without prejudice.

**I.    PROCEDURAL HISTORY**

On September 21, 2010, the Court granted Defendants' Motion to Dismiss (Dkt. 39). Count One in the Amended Complaint was a claim for a violation of Fla. Stat. §517.07 (Dkt. 20). This Count was the only claim alleged against Defendants Antaramian and ADG. The Court dismissed Count One with prejudice (Dkt. 39, p. 20). In the same Order, the Court deferred ruling on Defendants' request for attorneys' fees because it had not considered the merits of the claims, making the request premature. *Id*. at pp. 19-20.

On October 19, 2010, Defendants Antaramian and ADG filed a motion for final judgment (Dkt. 68), which the Court granted (Dkt. 71). Judgment was entered in favor of Defendants

Antaramian and ADG on November 10, 2010 (Dkt. 73). Following the entry of the judgment, Defendants Antaramian and ADG filed the present motion for award of attorneys' fees.

## II.   STANDARD

"Unless a statute or a court order provides otherwise, the motion (for attorneys' fees) must: (i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." Fed. R. Civ. P. 54(d)(2). Additionally, "the court shall award reasonable attorneys' fees to the prevailing party" in an action brought under Chapter 517 of the Florida Statutes, unless the court finds that the award of attorneys' fees would be unjust. Fla. Stat. §517.211(6).

## III.   ANALYSIS

Defendants Antaramian and ADG are prevailing parties. However, the Court notes, and Defendants Antaramian and ADG concede, that a thorough analysis of awardable fees has not been completed (Dkt. 77, ¶7). Defendants Antaramian and ADG state that the total fees incurred to date on behalf of all Defendants is approximately $48,000, and a fair estimate of the amount of fees and costs being sought in its Motion is $40,000. *Id*. Plaintiff contends that the Court should defer ruling on the motion until the conclusion of the entire case because one defendant, Basil Street Partners, remains, and Defendant Antaramian is a managing member of Defendant Basil Street Partners (Dkt. 80, ¶¶5-7). Furthermore, Plaintiff notes that the law firm requesting attorneys' fees is continuing to defend Defendant Basil Street Partners and failed to adequately document and segregate attorneys' fees attributable to Defendants Antaramian and ADG. *Id*. at ¶8.

Defendants Antaramian and ADG did not submit documentation that adequately delineates the attorneys' fees for their specific defenses. *See* Dkt. 77, Ex. 1. The attached documentation only includes billing as to all Defendants. The Court, therefore, is left to conduct guesswork as to the proper amount of time spent on the dismissed Defendants' defense as opposed to the remaining Defendant's defense. *See Avila v. Coca-Cola, Co.*, 728 F. Sup. 685, 693 (M.D. Fla. 1989)(noting that documentation of hours spent between successful and unsuccessful claims that does not segregate the work done on each claim leaves the court to rely on guesswork). Although Defendants Antaramian and ADG state the amount sought, there is no indication in the record that the estimate of $40,000 (of the total incurred $48,000 in legal fees) is fair because there is no segregation of fees incurred by each Defendant. Accordingly,

IT IS ORDERED:

1. The Motion for Award of Attorneys' Fees and Costs (Dkt. 77) is **DENIED without prejudice**. Defendants Antaramian and Antaramian Development Group may re-file their Motion for Attorneys' Fees either at the conclusion of this case in its entirety as to all Defendants or earlier, provided they provide documentation segregating fees incurred by each Defendant in this action.

**DONE AND ORDERED** at Ft. Myers, Florida, on July 14, 2011.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**COPIES TO**:
COUNSEL OF RECORD